UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH KIRKS, | ) | CASE NO. 1:22-cv-1584 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DOUGLAS FENDER, WARDEN, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On March 2, 2023, the assigned magistrate judge issued a Report and Recommendation ("R&R") recommending denial and dismissal of the petition for writ of habeas corpus filed by petitioner Kenneth M. Kirks ("Kirks" or "petitioner"). (Doc. No. 8.) Kirks, represented by counsel, timely filed objections pursuant to Fed. R. Civ. P. 72(b)(2). (Doc. No. 9.) Respondent filed no opposition to the objections and the time for doing so under the rule has expired. For the reasons set forth herein, Kirk's petition for writ of habeas corpus is denied in its entirety and this case is dismissed.

**I.     Legal Standard**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge

must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Finally, although the Court must review de novo any matter properly objected to, it must do so under the deferential standard of review in 28 U.S.C. § 2254(d)(1)–(2); *see Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000) (variously quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) to explain these standards).

**II.    De Novo Review**

The R&R sets forth the procedural and factual history of this case, which petitioner has specifically adopted (Doc. No. 9, at 1[1]), and they are also adopted by the Court.

Petitioner raises two objections "taken from the legal conclusions reached" in the R&R. (*Id.*) First, petitioner claims that he was not in procedural default as a result of his trial counsel's failure to raise a constitutional challenge to the violation of his right to a speedy trial. (*Id.* at 1–2.) Second, petitioner argues that claim two of his petition states a meritorious claim because the State failed to prove each and every element beyond a reasonable doubt. (*Id.* at 2–5.)

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

The problem with petitioner's objections is that they are identical to the arguments raised in his traverse (*see* Doc. No. 7) and, in fact, mostly repeat such arguments word-for-word. These arguments have already been rejected by the well-reasoned R&R; but the objections fail to identify for this Court's review where the specific error is in the R&R's reasoning and/or legal standard(s).

District courts in this circuit (and other circuits) have consistently held that a petitioner's objections fail the test of specificity when they simply repeat arguments already presented to the magistrate judge, without demonstrating the factual or legal *error* in the magistrate judge's analysis. These courts conclude that such objections do no more than express dissatisfaction with, and general objection to, the R&R. *See Cannon v. Potter*, No. 1:16-cv-1849, 2019 WL 4315931, at *3 (N.D. Ohio Sept. 12, 2019) (citing *Roach v. Hoffner*, No. 1:13-cv-42, 2016 WL 386151, at *1 (W.D. Mich. Feb. 2, 2016) ("Petitioner's objections essentially reiterate the same arguments he presented in his petition . . . [and] fail to demonstrate any factual or legal error in the [m]agistrate [j]udge's analysis, only [p]etitioner's dissatisfaction with, and general objection to, the . . . recommendation."); *Green v. Andrews*, No. 07-cv-2093, 2010 WL 1957482, at *6 (N.D. Ohio May 14, 2010) (finding petitioner's general objections "amount to approximately ten pages of text lifted verbatim" from her traverse and "do not serve the purposes of [Fed. R. Civ. P.] 72(b), which requires the Court to conduct a *de novo* review only of the portions of the . . . R&R to which a party objects"); *Turner v. Tilton*, No. 07-cv-2036, 2008 WL 5273526, at *1 (S.D. Cal. Dec. 18, 2008) (concluding petitioner did not make "an objection to any specific portion of the [R&R]" where petitioner discussed only the claims made in the petition and did not address the substance of the magistrate judge's findings)); *see also Rush v. City of Mansfield*, 771 F. Supp. 2d 827, 833 n.2 (N.D. Ohio 2011) (noting that the approach of using "objections" that merely incorporate arguments from the initial briefing "'undermine[s] the purpose of the Magistrate's Act to provide

3

assistance of subordinate judicial officers to Article III judges[ because] [i]f an Article III judge must repeat the process in which the magistrate judge engaged, instead of being directed to specific objections, what use is the reference?'" (quoting *Gonzales v. Wolfe*, No. 1:04-cv-208, 2006 WL 2792167, at *1–2 (S.D. Ohio July 5, 2006), *adopted*, 2006 WL 2792162 (S.D. Ohio Sept. 26, 2006), *aff'd* 290 F. App'x 799 (6th Cir. 2008)).

As another branch of this court did in *Cannon*, this Court concludes that Kirks' "recitation of his earlier briefing does not constitute a specific objection to [the R&R] and does not satisfy the requirements for *de novo* review under § 636 and Rule 72." *Cannon*, 2019 WL 4315931, at *3.

### III. Conclusion

Due to Kirks' failure to file proper objections to the R&R setting forth any error contained therein, the Court adopts the well-reasoned R&R, denies the petition in its entirety, and dismisses this case. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 1, 2023

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**