UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH M. KIRKS, | ) | CASE NO. 1:22-cv-1584 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER OF TRANSFER** |
| WARDEN, DOUGLAS FENDER, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on petitioner's August 22, 2023 motion for relief (Doc. No. 13) from this Court's June 1, 2023 memorandum opinion adopting Magistrate Judge Greenberg's Report and Recommendation ("R&R") (Doc. No. 8) and denying the petition for a writ of habeas corpus. (Doc. No. 10 (Memorandum Opinion); Doc. No. 11 (Judgment Entry); *see* Doc. No. 1 (the "Petition").) Petitioner moves for relief pursuant to Fed. R. Civ. P. 60(b). (Doc. No. 13 (Rule 60(b) Motion).) Because petitioner appealed this Court's judgment, petitioner also moves for a stay of this motion while his appeal is pending. (Doc. No. 14 (Motion to Stay).) Respondent filed an opposition to both motions on September 1, 2023. (Doc. No. 15 (Response).) The motions are ripe for determination.

**I.     Background**

This Court assumes knowledge of the procedural history of the case, which is summarized in the R&R. For purposes of the pending motions, it is sufficient to note that on August 19, 2020, following a jury trial in the Richland County Court of Common Pleas, petitioner Kenneth M. Kirks ("petitioner" or "Kirks") was convicted of sixteen counts of counterfeiting and one count of

forgery. (Doc. No. 8, at 5–6 (citing Doc. No. 5-1, Ex. 1; Doc. No. 5-3, at 203–12).)[1] After he pursued certain state court appeals, (Doc. No. 8, at 7), Kirks filed a federal petition for a writ of habeas corpus. (*Id.* at 9.)

In his petition, Kirks claimed that the state court denied him his right to a speedy trial (Doc. No. 1-2 (Brief in Support), at 3) and that his convictions were based on legally insufficient evidence, which resulted in a violation of his right to due process. *Id.* at 6. In the R&R, the magistrate judge recommended that Kirks's petition be denied because his speedy trial claim was procedurally defaulted (Doc. No. 8, at 14) and his sufficiency of the evidence argument lacked merit. (*Id.* at 22.) This Court denied Kirks's objections (Doc. No. 9 (Objection)) to the R&R on the basis that they were not proper objections and adopted the R&R (Doc. No. 8). (Doc. No. 10, at 4.)

Kirks appealed this Court's denial of his petition to the Court of Appeals for the Sixth Circuit on July 26, 2023 (Doc. No. 12 (Notice of Appeal)) and then filed a Rule 60(b) motion on August 22, 2023. (Doc. No. 13.) In his Rule 60(b) motion, Kirks raises four arguments, two of which represent new claims. Specifically, with respect to the original petition, he argues that this Court erred by issuing what Kirks believes is a blanket denial of his requests for certificates of appealability (Doc. No. 13-1 (Affidavit of Kenneth Kirks), at 2), and that the Court applied an incorrect calculation to his speedy trial claim. (*Id.* at 3.) His Rule 60(b) motion also includes two arguments that constitute new "claims." In particular, he argues that his habeas counsel was ineffective (*id.* at 1–2) and that his counterfeiting convictions were allied offenses that should have been merged at sentencing. (*Id.* at 5–6.)

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

**II.     Standard of Review**

Rule 60(b) describes the circumstances under which a party may obtain relief from a judgment or order of a federal court and provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . .
>
> (6) any other reason that justified relief.

Fed. R. Civ. P. 60(b)(1)–(3), (6). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding under certain circumstances. The rule does not grant a defeated litigant "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Rule 60(b) motions are addressed to the discretion of the district court. *See Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996). The movant bears the burden of establishing the basis for relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

3

**III.    This Court's Jurisdiction Following a Notice of Appeal**

Respondent, Warden Douglas Fender ("respondent" or the "Warden"), argues that because Kirks filed a notice of appeal before filing his motion for relief from judgment, this Court lacks jurisdiction to consider the motion for relief. (Doc. No. 15, at 1.)

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S. Ct. 1327, 84 L. Ed. 2d 274 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (per curiam)). This includes the jurisdiction to consider Rule 60(b) motions. *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008) ("After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b) motion." (citation omitted)).

Therefore, to the extent that Kirks has raised proper Rule 60(b) arguments, this Court lacks jurisdiction to consider them at this time. Although this Court does not currently have jurisdiction to consider Kirks's arguments with respect to his original petition, it may request that the case be remanded if it believes relief from judgment should ultimately be granted. *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008); *see* Fed. R. Civ. P. 62.1. In this case, both arguments regarding Kirks's original petition lack merit. For one, Kirks's speedy trial argument is based on an incorrect understanding of the R&R, which did not reach the merits of the speedy trial claim because it was procedurally defaulted. (Doc. No. 8, at 14.) Regarding Kirks's blanket denial argument, the denial of the certificates of appealability was proper because this Court separately considered each of Kirks's requests and found that both were identical to the arguments raised in his traverse and, therefore, were insufficiently specific. (Doc. No. 10, at 2–3); *see Everson v. Larose*, Nos. 19-3805,

4

19-4154, 2020 U.S. App. LEXIS 14290, at *21–22 (6th Cir. May 4, 2020) (indicating that remand is not required when "the district court's opinion provided sufficient analysis . . . to indicate that it had made an individual determination of [the petitioner's] claims"). Therefore, Kirks cannot "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," as is required for relief to be granted. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. This Court's Jurisdiction Under AEDPA's § 2244

Respondent further argues that Kirks's motion raises new arguments that must be treated as a "second or successive" petition subject to § 2244(b) (Doc. No. 15, at 3), in which case this Court is barred from considering them unless they meet certain requirements. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (ruling that district courts should determine in the first instance whether a numerically second habeas petition is "second or successive" within the meaning of § 2244(b)).

Under the gatekeeping provisions of § 2244(b), claims presented in a "second or successive" habeas application that were previously presented in a federal habeas petition must be dismissed. 28 U.S.C. § 2244(b)(1). Claims in a "second or successive" petition that were not previously presented also must be dismissed unless they rely either on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). If a district court finds a petition to be "second or successive," a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). The district court may not dismiss the claim outright, but rather must transfer it to the appropriate court of appeals (in this case, the Sixth Circuit Court of Appeals) for want of jurisdiction. *In re Smith*, 690 F.3d at 810.

A Rule 60(b) motion implicates § 2244(b) when it amounts to a habeas corpus application by containing a "claim." *Gonzalez v. Crosby*, 545 U.S. 524, 529–31, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). A Rule 60(b) motion contains a claim if it asserts a federal basis for relief from the state court judgment by seeking to add a new ground for relief or attacking the federal court's disposition of a claim on the merits. *Id.* at 532. A Rule 60(b) motion does *not* contain a "claim" and therefore is not subject to § 2244(b)(3) restrictions when it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 n.4.

This Court agrees with Respondent that at least two arguments in Kirks's motion are new claims. (Doc. No. 15, at 3.) Kirks's claim that his counsel in his habeas proceedings was ineffective is a new ground for relief and therefore constitutes a "claim" under *Gonzalez, supra*. Furthermore, Kirks's assertion that his counterfeiting convictions should have been merged at sentencing is a "claim" under *Gonzalez, supra*, because it is also constitutes a new ground for relief. Therefore, this Court must transfer both of these claims to the Sixth Circuit Court of Appeals. *In re Smith*, 690 F.3d at 810.

## V.     Motion for Certificate of Appealability

Applying a liberal interpretation to Kirks's Rule 60(b) motion and supporting documentation, it appears that Kirks may actually be requesting that the Sixth Circuit issue a certificate of appealability. (*See* Doc. No. 13-1, at 2.)[2] When a district court denies a certificate of

---

[2] This argument could also be construed as a motion for reconsideration. *See* Fed. R. Civ. P. 59(e). To the extent Kirks's filing seeks reconsideration of this Court's denials of certificates of appealability, the motion is DENIED. For the reasons set forth in the Court's June 1, 2023 memorandum opinion denying Kirks's petition for a writ of habeas corpus (*see* Doc. No. 10), the Court determines that reasonable jurists would not find debatable or wrong this Court's conclusions that Kirks defaulted on his speedy trial claim and the sufficiency of the evidence supported his convictions. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

appealability, the proper procedure is to file a motion for a certificate of appealability in the appellate court with his appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. United States*, 244 F.3d 509 (6th Cir. 2001) (citing Fed. R. App. 22(b)(1)). Kirks should, therefore, direct any request for a certificate of appealability to the Sixth Circuit. This Court, in the interest of justice, will order that petitioner's Rule 60(b) motion—to the extent it seeks a certificate of appealability—be transferred to the United States Court of Appeals for the Sixth Circuit—rather than deny the motion, which would then require Kirks to refile it.

## VI. Conclusion

For the foregoing reasons, to the extent Kirks raises arguments properly considered in a Rule 60(b) motion, the motion is denied for want of jurisdiction. To the extent he raises new claims in his Rule 60(b) motion, or requests that the Sixth Circuit issue a certificate of appealability, the Court transfers this case to the United States Court of Appeals for the Sixth Circuit. Because the Court denies the motion for relief, it also denies the motion for a stay as moot.

**IT IS SO ORDERED**.

Dated: September 22, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**