# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH M. KIRKS, | ) | CASE NO. 1:22-cv-1584 |
| | ) | |
| | ) | |
| PETITIONER, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN, DOUGLAS FENDER, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on petitioner's second motion, pursuant to Fed. R. Civ. P. 60(b), for relief (Doc. No. 19 (Second Rule 60(b) Motion) from this Court's June 1, 2023 memorandum opinion adopting Magistrate Judge Greenberg's Report and Recommendation ("R&R") (Doc. No. 8) and denying the petition for a writ of habeas corpus. (Doc. No. 10 (Memorandum Opinion); Doc. No. 11 (Judgment Entry); *see* Doc. No. 1 (the "Petition").) Respondent filed a timely opposition to the motion. (Doc. No. 20 (Response).) The motion is ripe for determination.

## I.    Background

This Court assumes knowledge of the procedural history of the case, which is summarized in the R&R. For purposes of the pending motion, it is sufficient to note that on August 19, 2020, following a jury trial in the Richland County Court of Common Pleas, petitioner Kenneth M. Kirks ("petitioner" or "Kirks") was convicted of sixteen counts of counterfeiting and one count of forgery. (Doc. No. 8, at 5–6 (citing Doc. No. 5-1, Ex. 1; Doc. No. 5-3, at 203–12). [1]) After he

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

pursued state court appeals (*id.* at 7), Kirks filed a federal petition for a writ of habeas corpus. (*Id.* at 9.)

In his petition, Kirks claimed that the state court denied him his right to a speedy trial (Doc. No. 1-2 (Brief in Support), at 3) and that his convictions were based on legally insufficient evidence, which resulted in a violation of his right to due process. (*Id.* at 6.) In the R&R, the magistrate judge recommended that Kirks's petition be denied because his speedy trial claim was procedurally defaulted (Doc. No. 8, at 14) and his sufficiency of the evidence argument lacked merit. (*Id.* at 22.) This Court denied Kirks's objections (Doc. No. 9 (Objection)) to the R&R on the basis that they were not proper objections and adopted the R&R. (Doc. No. 10, at 4.)

Kirks appealed this Court's denial of his petition to the Court of Appeals for the Sixth Circuit on July 26, 2023 (Doc. No. 12 (Notice of Appeal)) and then filed his first Rule 60(b) motion on August 22, 2023. (Doc. No. 13.) In that motion, Kirks raised four arguments, two of which he had previously made in his petition and two of which represented new claims. In its September 22, 2023 Memorandum Opinion, this Court denied the two previously-made claims on the basis that his appeal deprived it of jurisdiction and transferred the two new claims to the Sixth Circuit for authorization under 28 U.S.C. § 2244(b). (Doc. No. 16 (Memorandum Opinion and Order of Transfer).) The Sixth Circuit denied Kirks permission to bring those claims. (Doc. No. 17 (Sixth Circuit Opinion).)

In the instant motion, Kirks asks this Court to revisit his sufficiency of the evidence claim, again arguing that his counterfeiting convictions should have been merged at sentencing. (Doc. No. 19, at 4.) He further contends that this Court was subject to a "fraud" because the magistrate judge, in finding that Kirk's sufficiency of the evidence claim should be denied, relied on what

Kirks believes was the state court's incorrect interpretation of the charging statute. (*Id.* at 7.) He requests an evidentiary hearing to demonstrate this fraud. (*Id.* at 8.)

## II. Standard of Review

Rule 60(b) describes the circumstances under which a party may obtain relief from a judgment or order of a federal court and provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . .
>
> (6) any other reason that justified relief.

Fed. R. Civ. P. 60(b)(1)–(3), (6). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding under certain circumstances. The rule does not grant a defeated litigant "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Rule 60(b) motions are addressed to the discretion of the district court. *See Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996). The movant bears the

burden of establishing the basis for relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

### III.     This Court's Jurisdiction Under AEDPA's § 2244

Respondent argues that the Court should dismiss Kirks's motion because he re-raises his claim regarding merger of his offenses, which he raised in his previous Rule 60(b) motion and which both this Court and the Sixth Circuit denied as second and successive claims. (Doc. No. 20, at 2.) The Court agrees.

A Rule 60(b) motion implicates § 2244(b) when it amounts to a habeas corpus application by containing a "claim." *Gonzalez v. Crosby*, 545 U.S. 524, 529–31, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). A Rule 60(b) motion contains a claim if it asserts a federal basis for relief from the state court judgment by seeking to add a new ground for relief or attacking the federal court's disposition of a claim on the merits. *Id.* at 532. Under the gatekeeping provisions of § 2244(b), claims in a "second or successive" petition that were not already presented in the original habeas petition must be dismissed unless they rely either on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. 28 U.S.C. § 2244(b)(2). If a district court finds a petition to be "second or successive," a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Kirks's argument that his offenses should have been merged at sentencing amounts to a "claim" because it seeks to add a ground for relief that was not asserted in his original petition. (*See* Doc. No. 1.) Kirks made this same argument in his previous Rule 60(b) motion. (*See* Doc. No. 13-1 (Affidavit of Kenneth Kirks), at 5–6.) Construing this argument as a motion for authorization for this Court to consider the claim, this Court transferred it to the Sixth Circuit.

4

(Doc. No. 16, at 6; Doc. No. 17, at 1–2.) The Sixth Circuit denied the motion for authorization, reasoning that it is successive and does not satisfy the exceptions for consideration of successive petitions. (Doc. No. 17, at 2.). Accordingly, this Court may not consider Kirks's merger argument, and Kirks's second Rule 60(b) motion is denied.

Further, the Court issues a word of caution. While the Court is tolerant of legal filings from *pro se* litigants, its tolerance has limits. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which wastes judicial resources and impairs their ability to carry out Article III functions. *See Douglas v. Cleveland*, 1:12-cv-1145, 2012 WL 4753365, at *7 (N.D. Ohio Oct. 4, 2012) (citation omitted). Toward that end, Kirks is warned that should he persist in asserting issues and arguments that have been addressed and rejected by this Court and/or the Sixth Circuit, the Court may consider placing him on Restricted Filer status.

## IV.  Conclusion

For the foregoing reasons, Kirks's second Rule 60(b) motion (Doc. No. 19) is denied. Because the Court denies the present Rule 60(b) motion, it also denies Kirk's request for an evidentiary hearing as moot. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 3, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

5